IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**FREDERICK JOHNSON**   **PLAINTIFF**

v.   **5:07CV00288-BD**

**MICHAEL J. ASTRUE,**
Commissioner, Social
Security Administration   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Frederick Johnson, has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not reverse the Commissioner's decision, however, merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by nerve damage in his spine and both hips, 25% usage of his left arm and limited use of his right hand. (Tr. 106) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through June 29, 2006, the date of his decision. (Tr. 27) On September 14, 2007, the Appeals Council received and considered additional evidence, but denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 7-9) Plaintiff then filed his complaint initiating this appeal. (Docket entry # 2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 49 years old at the time of the hearing. (Tr. 338) He is a high school graduate (Tr. 12, 76, 93, 102, 338), and has past relevant work as a cook, fence installer and construction laborer. (Tr. 19, 78-84)

---

[1] The Hon. David J. Manley.

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2006). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.[2] (Tr. 19)  He found that Plaintiff had a "severe" impairment, degenerative disk disease, but that Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 24)  He judged that Plaintiff's allegations regarding his impairments and their impact on his ability to work were not entirely credible.  (Tr. 25)

The ALJ found that Plaintiff retained the residual functional capacity for light work that did not require more than occasional stooping.  *Id.*  Based in part on the testimony of a vocational expert, the ALJ found that Plaintiff's past relevant work as a cook did not require the performance of work activity precluded by his residual functional capacity; he found that Plaintiff could return to that past relevant work.  (Tr. 25-26)  Consequently, the ALJ concluded that Plaintiff was not disabled.  (Tr. 26)

Plaintiff contends that the ALJ's residual functional capacity determination is not supported by substantial evidence.  (Br. 12-15)  The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations.  *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).  Before determining a claimant's residual functional capacity, the ALJ must first evaluate the claimant's credibility.  *Tellez v. Barnhart*, 403 F.3d at 957; *Pearsall v. Massanari*, 274 F.3d at 1218.

---

[2] The ALJ noted that Plaintiff's earnings record showed earnings of $1900.57 in 2001 and $7757.63 in 2002.  (Tr. 19)  In order to avoid delay, and because he ultimately found Plaintiff not disabled, the ALJ deemed that there was no substantial gainful activity after the alleged onset, January 31, 2001.  *Id.*  However, he noted that further investigation of that work might become necessary.  *Id.*

As the ALJ noted, Plaintiff made many conflicting reports about the severity of his symptoms and limitations, his work history, and his educational history. (Tr. 21)  In a Disability Supplemental Interview Outline dated September 19, 2002 (Tr. 77), Plaintiff indicated that he groomed without assistance; did laundry and dishes, changed sheets and ironed, repaired his car and washed his car; he shopped for groceries and clothes and completed postal and banking errands (Tr. 72); he prepared meals, including sandwiches, frozen dinners, meats and vegetables; paid bills and counted change; drove, including unfamiliar routes, and used public transportation; attended church, watched television and read (Tr. 73).  In another Disability Supplemental Interview Outline dated September 3, 2003 (Tr. 65), Plaintiff indicated that he groomed without assistance, although it took him much longer and he often had to stop and rest; the only thing that he did around the house was to take out the trash; he shopped for clothes and completed postal errands (Tr. 61); prepared meals, including sandwiches, frozen dinners and meats; paid bills and counted change; walked for exercise; he watched television; but he did not drive (Tr. 62).  On September 22, 2003, he told an examiner he washed dishes and kept his room straightened up, but that he did not cook or do laundry. (Tr. 184)  In November of 2005, he told an examiner that he helped his sister with housekeeping, cooking and laundry and went with her to shop for groceries. (Tr. 244)

Plaintiff contended that he became unable to work January 31, 2001. (Tr. 52, 91)  He testified that he last worked in 2000. (Tr. 350)  On his Work History Report, he indicated that he worked as a cook at Rally's from January through April of 2002. (Tr. 78)  He then worked for a fence company from April to August of 2002. *Id.*  He told a psychologist that he had worked until August of 2002. (Tr. 182)  On September 18, 2002, a Social Security employee telephoned him, but was informed that he was at work. (Tr. 89)  As earlier noted, he reported earnings of $7757.63 in 2002 from three different employers. (Tr. 19, 55-56)

Plaintiff complains that the residual functional capacity assessment did not include any limitations associated with his borderline intellectual functioning. (Br. 14-15) The ALJ considered the contention that Plaintiff suffered from borderline intellectual functioning, but rejected that in favor of low average intelligence based on previous IQ testing, Plaintiff's work history of skilled jobs, including team leader in the National Guard, cook and mechanic, and his good communications skills. (Tr. 21)

Plaintiff's argument seeks to place the burden of proof on the Commissioner. It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity. *Goff v. Barnhart*, 421 F.3d 785,790 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Masterson v. Barnhart*, 383 F.3d 731, 737 (8th Cir. 2004); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

Next, Plaintiff argues that the Commissioner should have reversed or remanded based upon new and material evidence submitted to the Appeals Council.[3] (Br. 15-16) The Appeals Council considered that evidence. "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of the Appeals Council." (Tr. 7)

---

[3]Some of the "new" evidence existed prior to the administrative hearing. (Tr. 257-60, 268) (Pages 257-60 consist of two copies of two pages of evidence from 2004.) The rest appears to have been created after the administrative hearing, but well before the date of the ALJ's decision. (Tr. 269-332) It would seem that the better practice would be to submit such evidence to the ALJ before he makes his decision, rather than submitting it to the Appeals Council afterwards.

When new and material evidence is submitted to the Appeals Council,

> "[t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."
>
> 20 C.F.R. § 404.970(b). The newly submitted evidence is to become part of what we will loosely describe here as the "administrative record," even though the evidence was not originally included in the ALJ's record. *Browning v. Sullivan*, 958 F.2d 817, 823 n. 4 (8th Cir. 1992). If the Appeals Council does not consider the new evidence, a reviewing court may remand the case to the Appeals Council if the evidence is new and material. See *Williams v. Sullivan*, 905 F.2d 214, 217 (8th Cir. 1990). If, as here, the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision. *Browning*, 958 F.2d at 823.

*Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)(footnote omitted). Substantial evidence supported the Commissioner's decision that Plaintiff was not disabled.

Next, Plaintiff argues that the ALJ erred in not following the "slight abnormality" standard in determining that his borderline intellectual functioning was not a "severe" impairment at Step 2 of the sequential evaluation process. (Br. 17-18) The ALJ followed the regulations. (Tr. 19-24) Plaintiff places undue emphasis on the distinction between impairments that are "severe" and those that are not. Once a claimant gets past the Step 2 threshold of having a "severe" impairment, the ALJ considers all impairments, including those that are less than "severe," in determining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1545(e); 416.945(e) (2006); Social Security Ruling 96-8p, at 5. The ALJ cited and utilized the correct standard for determining whether Plaintiff's impairments were "severe." (Tr. 19-20)  Plaintiff's point is not well taken.

Finally, Plaintiff argues that the ALJ improperly applied the Medical-Vocational Guidelines to determine that he was not disabled. (Br. 18-19) The ALJ utilized the

Medical-Vocational Guidelines only as part of an alternative determination. (Tr. 26) He found, at Step 4 of the sequential evaluation process, that Plaintiff could return to his past relevant work as a cook. (Tr. 25-26) Plaintiff does not contend that the Step 4 determination was erroneous. Therefore, the error, if any, of alternatively utilizing the Medical-Vocational Guidelines was harmless. See *Arkansas v. Oklahoma*, 503 U.S. 91, 109 n.13 (1992) (immaterial flaw by ALJ will not justify remand); *Hall v. Bowen*, 857 F.2d 1210, 1212 & n.2 (8th Cir. 1988)(same result even if ALJ understood the Listing).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED, this 22nd day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE